Johnny Guzman, Respondent,
against
Arthemio Perez, Appellant.




James G. Dibbini & Associates, P.C. (James G. Dibbini of counsel), for appellant.
Andrew M. Romano, Esq., for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Evan Inlaw, J.), entered July 16, 2018. The order, insofar as appealed from as limited by the brief, upon, in effect, reargument, adhered to the determination in a prior undated order of that court denying the branches of tenant's motion seeking to vacate a final judgment of that court entered April 6, 2018 upon tenant's failure to timely make a court-ordered deposit and, upon such vacatur, to restore the proceeding to the calendar in a holdover summary proceeding.




ORDERED that the order entered July 16, 2018, insofar as appealed from, is reversed, without costs, and, upon, in effect, reargument, the branches of tenant's motion seeking to vacate the final judgment and, upon such vacatur, to restore the proceeding to the calendar are granted.
In this illegal-sublet holdover proceeding, the City Court entered a final judgment in favor of landlord following tenant's failure to timely make a court-ordered deposit of use and occupancy. Tenant appeals from so much of an order of the City Court entered July 16, 2018 as, upon, in effect, reargument, adhered to the determination in a prior order of that court denying the branches of tenant's motion seeking to vacate the final judgment and, upon such vacatur, to restore the proceeding to the calendar.
It was an error for the court to enter a final judgment based on tenant's failure to make the court-ordered deposit (see Carlos v Primus, 58 Misc 3d 159[A], 2018 NY Slip Op 50247[U] [*2][App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Merenda v Fried, 42 Misc 3d 136[A], 2014 NY Slip Op 50117[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; Zabolotny v Andersen, 19 Misc 3d 128[A], 2008 NY Slip Op 50517[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). We note, in any event, that tenant showed an excuse for the failure to timely make the deposit, in that landlord had refused to renew his lease and to sign a shelter allowance form.
Accordingly, the order entered July 16, 2018, insofar as appealed from, is reversed and, upon, in effect, reargument, the branches of tenant's motion seeking to vacate the final judgment and, upon such vacatur, to restore the proceeding to the calendar are granted.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2019